IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM HASTINGS, LOUISE HASTINGS, and
MANITOBA PUBLIC INSRUANCE CORPORATION,

                  Plaintiff,                  OPINION and ORDER

  v.

                                                      22-cv-651-jdp

UNITED STATES OF AMERICA,

                  Defendant.

---

      This case arises from a 2019 motor vehicle collision between plaintiff Adam Hastings and an employee of the United States Postal Service. Hastings sued the United States of America under the Federal Tort Claims Act seeking damages for "physical injury, personal injury, property damage, economic loss, non-economic loss, and damages, past and future." Dkt. 17, ¶ 22. The case is set for trial on June 25, 2024.

      Defendant United States of America moves for an order compelling Adam Hastings to attend and fully cooperate with a new independent medical examination under Federal Rule of Civil Procedure 35. Dkt. 47. Hastings seeks damages for psychological injuries caused by the crash and attended an independent medical examination with a psychologist on December 19, 2023. The United States planned to rely on that psychologist's assessment of Hastings. But in January 2024, Hasting filed a misconduct complaint with the Minnesota Board of Psychology against the psychologist for alleged unprofessional behavior that occurred during the December examination. The psychologist is actively defending against Hastings's allegations before the psychology board.

      Hastings opposes the motion, contending that there is not good cause for a second examination because the complaint is irrelevant to the psychologist's assessment of Hastings.

The court will grant the United States' motion for a new psychological examination. A party may obtain a Rule 35 examination when a condition for which the examination is sought is "genuinely in controversy" and "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). Hastings's psychological condition is in controversy because he is seeking damages related to the collision's impact on his mental health. The parties dispute whether it was Hastings or the psychologist who behaved inappropriately at the first independent examination, and Hastings contends that his complaint against the psychologist is irrelevant to the results of the psychologist's assessment. But regardless of the merit of Hastings's complaint against the psychologist, the fact that he made the complaint prejudices the United States' ability to rely on the psychologist's opinions at trial. The psychologist is no longer an impartial expert because he has had to spend time and money addressing Hastings's complaint with the psychology board. Thus, there is good cause for the United States to obtain a new medical examination by a new independent psychologist.

ORDER

IT IS ORDERED that defendant United States of America's motion to compel, Dkt. 47, is GRANTED. Plaintiff Adam Hasting is directed to attend and fully cooperate with a new independent medical examination under Federal Rule of Civil Procedure 35.

Entered March 25, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge