IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM HASTINGS, and LOUISE HASTINGS,

                     Plaintiffs,

  v.                                                    OPINION and ORDER

UNITED STATES OF AMERICA,                22-cv-651-jdp

                     Defendant.

---

Plaintiffs Adam and Louise Hastings seek damages under the Federal Tort Claims Act for physical and psychological injuries to Adam Hastings they allege were caused by a 2019 motor vehicle accident with an employee of the United States Postal Service. Defendant United States of America accepted liability for the accident, but damages remain in dispute. Because plaintiffs seek to recover for the impact that the accident had on Hastings's mental health, his psychological condition before and after the accident is relevant to damage. The United States asks the court to prohibit plaintiffs from introducing evidence of Hastings's alleged psychological injuries and to strike plaintiffs' claim for damages related to those alleged injuries. The United States asks for this as a sanction for Hastings's failure to comply with the court's order that Hastings fully cooperate with a second independent medical examination. For the reasons explained below, the court will grant the United States' motion.

ANALYSIS

This court previously ordered Hastings to "attend and fully cooperate with a new independent medical examination under Federal Rule of Civil Procedure 35" after he filed a misconduct complaint with the Minnesota Board of Psychology against the psychologist who

performed his first independent medical examination. Dkt. 67. Hastings attended the second independent medical examination with a licensed clinical psychologist, Dr. Peter Lynn, on May 3, 2024. Dkt. 76. Hastings did not cooperate during Lynn's examination, refusing to answer standard questions about his background, family, and his memories of the 2019 accident. Hastings also refused to respond to numerous questions in the psychological assessment that Lynn asked him to complete, which inhibits Lynn's ability to draw clinical conclusions from the assessment. Hastings's refusals to answer questions about his symptoms prevented Lynn from clarifying the timeline of his mental health problems and whether Hastings met the criteria for relevant disorders.

In addition, Hastings threatened Lynn in several ways throughout the examination. Hastings began the examination by saying that he intended to file a complaint against Lynn with the Canadian Privacy Commission and that he would file complaints against Lynn that would remain on Lynn's record regardless of the merit of the complaint. At two points when Lynn expressed concern that Hastings was planning to harm himself or others, Hastings threatened to kill Lynn. The United States contends that the appropriate sanction for Hastings's obstructive behavior is exclusion of evidence and damages claims concerning his alleged psychological injuries.

Rule 37(b)(2)(A) gives courts discretion to impose appropriate sanctions on a party who violates a discovery order, including discovery orders under Rule 35. *Sik Gaek Inc. v. Harris*, 789 F.3d 797, 800 (7th Cir. 2015). Appropriate sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)–(iii). Courts need not select the least drastic sanction available, but they should

ensure that the sanction imposed is proportionate to the party's discovery violation. *Rice v. City of Chicago*, 333 F. 3d 780, 784 (7th Cir. 2003). Relevant factors for determining the appropriate sanction are the prejudice to the moving party caused by the conduct, the prejudice to the judicial system, the need to punish the disobedient party, and the need to deter similar conduct in the future. *Id.*

Here, the prejudice to the United States from Hastings's failure to fully cooperate during the second independent medical examination is significant. Plaintiffs have two expert reports in support of their case, for which Hastings cooperated with the experts hired by his attorneys. One of those reports is from a psychologist, Dr. John Cronin, who assessed his mental health and diagnosed Hastings with PTSD, anxiety disorder, major depressive disorder, and pain disorder with related psychological features. Dkt. 52, at 14. If plaintiffs were allowed to present a damages theory based on Hastings's alleged psychological injuries at trial, then the key questions for the court would be whether plaintiffs' evidence shows that the accident caused psychological injuries to Hasting, the extent of those injuries, and the impact those injuries have on his ability to work in the future. Hastings's behavior during the independent medical examination deprived the United States of developing an impartial reliable expert opinion that it could use to evaluate these questions.

In his declaration, Lynn says that he has sufficient information "to draw a diagnostic conclusion" about whether Hastings is suffering from PTSD. Dkt. 76, ¶ 29. But Lynn explains that his confidence in any diagnosis he makes is lower than it would be if Hastings had cooperated and that Hastings's refusal to answer questions interfered with Lynn's ability to clarify information that would have helped his diagnostic assessment. *Id.* Cronin has no such caveats to his report because Hastings cooperated with Cronin's examination, which necessarily

3

prejudices the United States' ability to use Lynn's assessment to evaluate or respond to Cronin's assessment of Hastings.

Plaintiffs do not dispute that Hastings failed to comply with the court's order to fully cooperate with the second independent medical examination. But plaintiffs contend that the requested sanction is unduly harsh because his uncooperative behavior is the product of his psychological injuries and not a willful violation of the court's order that would create a need to punish a disobedient party. To support plaintiffs' contention that Hastings's behavior during the examination was not willful or in bad faith, Cronin provided a declaration saying that Hastings's behavior is consistent with his diagnosed psychological injuries. Hastings's wife also provided a declaration explaining that the long travel from Canada exacerbated the fear and anger she has observed in Hastings after the accident (which she attributes to his PTSD).[1] Plaintiffs assert that the practical effect of barring evidence of Hastings's psychological injuries would be to eliminate "the vast majority of his claimed damages." Dkt. 91, at 6. Plaintiffs also contend that the prejudice to the United States could be remedied by allowing Lynn to conduct a follow-up examination via Zoom or by allowing the United States to rely on the report from the psychologist who conducted Hastings's first independent medical examination without cross-examination of that psychologist.

---

[1] Plaintiffs cite *Pulinario v. Goord*, 291 F. Supp. 2d 154, 177 (E.D.N.Y. 2003), *aff'd*, 118 F. App'x 554 (2d Cir. 2004) for the principle that a party should not be punished for failure to cooperate with a psychological examination when the party's psychological condition is the reason for the failure to cooperate. But that was a criminal case in which precluding evidence of the defendant's psychological condition would have violated her Sixth Amendment right to present a complete defense, which is not applicable here where Hastings chose to be a plaintiff in this civil case.

The court is not persuaded by plaintiffs' arguments. Less than five weeks from trial, plaintiffs have an assessment of his psychological injuries based on a fulsome examination and the United States does not. If Hastings is unable to cooperate with an independent medical examination after traveling, plaintiffs should have raised that concern months ago. The declarations from Cronin and Hastings's wife present new opinions about Hastings's mental health a month after the close of fact discovery, but these opinions are not based on new information about Hastings. The prejudice to the United States stems from it being deprived of the ability to present evidence concerning Hastings's psychological injuries based on reliable testimony from an impartial expert. This prejudice would not be remedied by forcing the United States to rely on the first psychologist who examined Hastings, because that individual's impartiality was compromised by Hastings's complaint. The court concludes that the appropriate sanction is to prohibit plaintiffs from presenting evidence about, or recovering damages for, Hastings's psychological injuries.

ORDER

IT IS ORDERED that defendant United States of America's motion for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and (iii), Dkt. 73, is GRANTED. Plaintiff Adam Hastings's claim for damages due to alleged psychological injuries caused by the accident is STRUCK. Plaintiffs may not introduce evidence of Hastings's alleged psychological injuries at trial.

Entered May 23, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge